9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Surinder Singh MANN, Defendant-Appellant.
 No. 92-30473.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1993.*
Decided Nov. 9, 1993.
 
 Before: TANG, FARRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Surinder Singh Mann was convicted by a jury of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841. This timely appeal followed. Mann argues that the district court erred in admitting evidence of his prior possession of cocaine. He also argues that during the sentencing hearing, the court improperly considered out-of-court statements made by a codefendant who refused to testify. Finally, Mann argues that the district court improperly considered ten additional kilograms of cocaine as "relevant conduct" when calculating his base offense level. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Mann claims that the district court erred in admitting testimony regarding his October 1991 arrest for cocaine possession in Vancouver, British Columbia. While evidence of prior conduct may not be used to prove a defendant's bad character, it is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). We review the district court's decision to admit evidence of prior crimes under Rule 404(b) for abuse of discretion. United States v. Khan, 993 F.2d 1368, 1376 (9th Cir.1993).
 
 
 4
 Here the district court allowed the government to use the evidence of Mann's prior cocaine possession to prove motive, knowledge, and absence of mistake or accident. Knowledge is a material element of both conspiracy to distribute cocaine and possession of cocaine with intent to distribute. United States v. Arambula-Ruiz, 987 F.2d 599, 603 (9th Cir.1993). In this case, Mann denied having any knowledge of the cocaine found in the car he was driving. Evidence establishing knowledge is particularly important where, as here, the defendant argues that "he accidentally walked into the situation and was not otherwise engaged in the distribution of drugs." United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1990).
 
 
 5
 The amount of cocaine found on Mann at the time of his arrest was consistent with personal consumption rather than sale or distribution. When offered to show knowledge, however, the prior act need not be similar to the charged offense so long as the prior act tends to make the existence of the defendant's knowledge more probable. Arambula-Ruiz, 987 F.2d at 603. Mann's prior arrest occurred only six months before the charged offenses. Finally, the testimony came from two constables with the Vancouver Police Department and thus was sufficiently reliable. Under these circumstances, the evidence was properly admitted under Rule 404(b).
 
 
 6
 Mann further argues that the district court committed reversible error by failing to balance the probative value of the prior act testimony against its prejudicial effect under Rule 403. Contrary to Mann's assertion, however, the district court need not mechanically recite Rule 403 for the record. United States v. Ono, 918 F.2d 1462, 1465 (9th Cir.1990). In this case, the probative value outweighed any possible prejudicial effect to Mann. The district court also gave a proper limiting instruction to the jury. Moreover, any error that the district court may have committed was harmless, given the other evidence linking Mann to the crimes charged.
 
 II
 
 7
 At the sentencing hearing, the district court considered codefendant Rajvinder Singh Hansra's out-of-court statements when calculating Mann's base offense level. These statements implicated Mann in earlier cocaine transactions that were not charged in the indictment. Mann argues that Hansra's statements were inadmissible hearsay. The government responds that the statements were admissible under Fed.R.Evid. 804(b)(3) as declarations against Hansra's penal interest.
 
 
 8
 We need not decide whether Hansra's statements qualify under this exception to the hearsay rule, for the Guidelines explicitly provide that the sentencing court may consider relevant information important to the sentencing determination, "without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a).
 
 
 9
 Mann also argues that the district court violated his right to confront the witnesses against him because Hansra refused to testify either at Mann's trial or at his sentencing hearing. We recently held, however, that the Confrontation Clause does not apply at sentencing, notwithstanding the enactment of the Sentencing Guidelines. United States v. Petty, 982 F.2d 1365, 1369 (9th Cir.1993). A defendant does have a due process right to be sentenced on the basis of materially correct information. Id. "Due process requires that hearsay bear some minimal indicia of reliability in order to be considered at sentencing." Id. at 1370. We review the district court's evaluation of reliability for abuse of discretion. United States v. Ayers, 924 F.2d 1468, 1481 (9th Cir.1991).
 
 
 10
 We agree with the district court that Hansra's statements had sufficient indicia of reliability. Contrary to Mann's assertion, they were not the product of any plea agreement. Hansra's post-arrest written statement was made before the government sought his testimony in Mann's trial. Hansra himself moved to suppress this statement before he changed his plea to guilty for both counts charged. Nor does it appear that Hansra's statements during his presentence interview were induced by any promises from the government. In fact, the government urged the district court to calculate Hansra's base offense level using twelve kilograms of cocaine rather than two, based on the additional transactions that Hansra admitted to during the interview.
 
 
 11
 The district court may use extrinsic corroborating evidence to establish the reliability of a hearsay statement at sentencing, even though it may not do so at trial. Petty, 982 F.2d at 1369. Here Hansra's post-arrest statements were corroborated in large part by the statements of codefendant Bhupinder Singh Nijjer. While Nijjer did admit his guilt to obtain a reduction in his own sentence for acceptance of responsibility, Mann had the opportunity to test Nijjer's credibility through cross-examination. Under these circumstances, the district court did not abuse its discretion in considering Hansra's out-of-court statements when calculating Mann's base offense level.
 
 III
 
 12
 In addition to challenging Hansra's statements as unreliable, Mann argues that the drug transactions from July to November 1991 were not "relevant conduct" under § 1B1.3 of the Guidelines, and hence should not have been included when determining his base offense level. We review the district court's application of the Sentencing Guidelines de novo. United States v. Fagan, 996 F.2d 1009, 1017 (9th Cir.1993). Whether conduct extraneous to an offense of conviction is part of the "same course of conduct" so as to be considered "relevant conduct" within the meaning of § 1B1.3(a)(2) is reviewed for clear error. United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992).
 
 
 13
 In Hahn, we adopted a factually-oriented test for determining whether a district court has clearly erred in considering as "relevant conduct" acts that occurred outside the immediate time frame of the offense of conviction. The essential elements of the analysis are "similarity, regularity, and temporal proximity." Id. at 910.
 
 
 14
 In this case, each of these factors supports treating the 1991 drug transactions as relevant conduct. According to Hansra, he supplied Mann with 1- to 1 1/2-kilogram quantities of cocaine for distribution in Canada. The cocaine came from a single source in California. These transactions occurred on a biweekly basis from July to November 1991. Mann then traveled to India and returned to Canada in February 1992. The offenses of conviction began in March, when Hansra again obtained cocaine from the California supplier and delivered it to Mann. Under these circumstances, the earlier drug transactions were sufficiently similar, regular, and proximate in time to be considered relevant conduct within the meaning of § 1B1.3(a)(2). See United States v. Mak, 926 F.2d 112, 114-16 (1st Cir.1991) (upholding finding of relevant conduct where four similar drug deals were separated by six, three, and nine months, respectively).
 
 
 15
 The government must prove relevant conduct by a preponderance of the evidence. United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992). Given that Hansra's statements had sufficient indicia of reliability, the government has met its burden. The district court did not err in including the ten additional kilograms of cocaine to calculate Mann's base offense level.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3