26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Richard GODWIN, Defendant-Appellant.
 No. 93-10572.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided May 27, 1994.
 
 Before: HUG, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Richard Godwin appeals his conviction, which followed a jury trial, for one count of bank robbery in violation of 18 U.S.C. Sec. 2113(a). Godwin claims the district court erred by admitting a note that was found on his person at the time he was arrested, ten months after the crime for which he stands convicted. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the legal question whether a proffered item is evidence of "other crimes" under Fed.R.Evid. 404(b). United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993). "The district judge has wide latitude" in deciding to admit or exclude evidence. United States v. Hitt, 981 F.2d 422, 424 (9th Cir.1992). "Under Fed.R.Evid. 402, '[a]ll relevant evidence is admissible,' except as otherwise provided." Id. at 423 (quoting Fed.R.Evid. 402). " 'Relevant evidence' ... [has] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. "We let jurors see and hear even marginally relevant evidence because we trust them to weigh the evidence appropriately." Hitt, 981 F.2d at 423.
 
 
 4
 Godwin was convicted of robbing a First Interstate Bank in Bullhead City, Arizona on April 22, 1992. At his trial, the government presented a demand note, which Godwin had handed to the victim teller and which the teller had retained. A latent print lifted from that note was shown to match Godwin's, and the teller identified Godwin as the robber. Over Godwin's objection, the district court also admitted the similar note found inside a Bank of America deposit envelope which Godwin had on his person when he was arrested on February 22, 1993.
 
 
 5
 Godwin argues the district court abused its discretion by admitting the similar note because there was insufficient proof to show that he "committed the other act." We reject this argument.
 
 
 6
 The similar note does not constitute proof of any act. We conclude, therefore, that it is not evidence of a prior act within the meaning of Rule 404(b). See Arambula-Ruiz, 987 F.2d at 602.
 
 
 7
 We conclude further that the similar note Godwin possessed was relevant and admissible under the inclusive policy of Rule 401. It was printed and worded like the demand note bearing his fingerprint that was used in the robbery. It therefore tended to make it more likely that he perpetrated the crime of which he was accused. See Fed.R.Evid. 401.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3