74 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hector FUENTES-MONTIJO and Ruben Campoy-Silva, Defendants-Appellants.
 Nos. 94-10453, 94-10469.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 17, 1995.
Memorandum Filed Oct. 19, 1995.
Memorandum Withdrawn Jan. 22, 1996.
Decided Jan. 22, 1996.
 
 1
 Before: D.W. NELSON, T.G. NELSON, Circuit Judges, and SAMUEL P. KING,* District Judge.
 
 ORDER
 
 2
 The Memorandum disposition filed October 19, 1995, is withdrawn. The Memorandum disposition is ordered filed in its place.
 
 
 3
 The Appellant's Petition for Rehearing filed on November 6, 1995, is DENIED.
 
 
 4
 Before: D.W. NELSON, T.G. NELSON, Circuit Judges, and SAMUEL P. KING,* District Judge.
 
 
 5
 MEMORANDUM**
 
 
 6
 Since the parties are familiar with the facts, we need not recite them here.
 
 
 7
 Hector Fuentes-Montijo (Fuentes) and Ruben Campoy-Silva (Campoy) appeal their jury convictions of conspiracy to possess with intent to distribute and to distribute cocaine (21 U.S.C. Sec. 841(a)(1), 846) and possession with intent to distribute a quantity of cocaine (21 U.S.C. Sec. 2). Both Fuentes and Campoy argue that the district court abused its discretion by admitting a co-conspirator's hearsay statements during the testimony of a witness, Duran, because the statements were not within the hearsay exception under Fed.R.Evid. 802(d)(2)(E). Fuentes argues that the district court erred in denying his motion to preclude bad acts evidence under Rule 404(b). Further, Fuentes argues that the district court erred in granting the Government's motion to quash a subpoena to the IRS prior to trial for confidential tax records of informants and in denying his motion for a subpoena duces tecum to issue to the informants. Campoy also appeals his conviction on the ground that the district court erred in refusing to allow additional cross-examination of a witness.
 
 
 8
 We hold that the hearsay statements were not admissible, and therefore we REVERSE AND REMAND Campoy's conviction on Count 3, possession with intent to distribute cocaine on June 16, 1992, but we AFFIRM his conviction on all other counts. We hold, however, that the error in admitting the inadmissible hearsay evidence was harmless as to Fuentes and AFFIRM his conviction and sentence on all counts.
 
 I. HEARSAY
 
 9
 "Under Fed.R.Evid. 801(d)(2)(E), the statement of a coconspirator is not hearsay if made during the course and in furtherance of the conspiracy." United States v. Vowiell, 869 F.2d 1264, 1267 (9th Cir.1989) (quotations omitted). Such statements are admissible "if there is sufficient evidence to support the inference that the statements were made in furtherance of the conspiracy while the conspiracy was in existence." United States v. Arambula-Ruiz, 987 F.2d 599, 608 (9th Cir.1993) (internal quotation omitted). "[M]ere conversations or narrative declarations are not made in furtherance of a conspiracy; rather, statements are in furtherance of a conspiracy if they further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy." Id. at 607-08 (internal quotation omitted). "In determining whether a statement is made 'in furtherance of' a conspiracy, the court looks to the declarant's intent in making the statement, not the actual effect of the statement." United States v. Williams, 989 F.2d 1061, 1068 (9th Cir.1993). The statement need not be made to another member of the conspiracy for it to come under Rule 801(d)(2)(E). Id.
 
 
 10
 The witness, Duran, was not a member of the charged conspiracy (he was involved in the prior, uncharged Beltran/Fuentes/Duran conspiracy), but the declarant, Molina, was. In evaluating Molina's intent in making the statements concerning the lost Nogales load, it is hard to interpret them as somehow being "in furtherance of" the Nogales cocaine conspiracy of June 16, 1992, or of any future conspiracy. Appellants accurately characterize Molina's statements as "idle conversation or boasting" to Duran during the course of a conversation in which Duran was inquiring whether Fuentes had any money to repay his debt to Duran for work related to a different conspiracy. Nothing supports the conclusion that Molina was making the statement to Duran to induce him to deal with the conspirators or to cooperate or assist in achieving the conspirators' common objectives. See United States v. Moore, 522 F.2d 1068, 1077 (9th Cir.1975) (co-conspirator's statement to common-law wife was "nothing more than [a] casual admission of culpability to someone he had individually decided to trust"), cert. denied, 423 U.S. 1049 (1976). "The fact that [the declarant] was laboring on behalf of the conspiracy when he spoke to [the witness] does not require the conclusion that his statement furthered the conspiracy." United States v. Bibbero, 749 F.2d 581, 584 (9th Cir.1984), cert. denied, 471 U.S. 1103 (1985). Nor were the statements expressions of future intent. Furthermore, there was no testimony that Duran loaned the money back to Fuentes to help him finance the June 1992 Nogales transaction. Therefore, Molina's statements to Duran were not statements of a coconspirator in furtherance of the conspiracy and thus, were erroneously admitted hearsay.
 
 
 11
 Such an error is considered of constitutional magnitude. Vowiell, 869 F.2d at 1270 ("[I]f the hearsay does not fall into an exception it is conclusively unreliable for the purposes of the confrontation clause.") (internal quotations omitted). Therefore, the verdict must be reversed unless the error was harmless beyond a reasonable doubt. Id.
 
 
 12
 Campoy was convicted on Count 3, possession with intent to distribute cocaine on June 16, 1992, at or near Nogales. Aside from the testimony concerning the vehicles found at the Nogales site, the only other evidence linking Campoy to the June 16, 1992, cocaine was Duran's testimony regarding Molina's statements. Duran's testimony was extremely important to the government's case against Campoy, and without it the government did not have much of a case against Campoy on Count 3. Because the error was not harmless beyond a reasonable doubt, or the prejudice was more likely than not harmless, we reverse the verdict against Campoy on Count 3.
 
 
 13
 Although Fuentes was neither charged nor convicted on Count 3, the district court included the Nogales cocaine in calculating Fuentes' base sentencing level. Therefore, Fuentes contends that the admission of Duran's hearsay testimony was not harmless as to him because no other evidence in the case connected Fuentes to the cocaine found in Nogales on June 16, 1992. However, because Duran's testimony regarding the Nogales cocaine was relevant to Fuentes' sentencing, rather than his conviction, the admissibility of the testimony at trial is not an issue, and as such, a different analysis is required.
 
 
 14
 Under section 1B1.3 of the United States Sentencing Commission Guidelines Manual, the court may consider "relevant conduct," extraneous to an offense of conviction, in calculating the base sentencing level. See United States v. Wong, 2 F.3d 927, 929 (9th Cir.1993), cert. denied, 114 S.Ct. 2705 (1994). Further, under section 6A1.3. (a) of the Guidelines, a sentencing court may consider facts "without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." See United States v. Petty, 982 F.2d 1365, 1369 ("Due process requires that some minimal indicia of reliability accompany a hearsay statement."), modified on other grounds, 992 F.2d 1015 (9th Cir.1993), cert. denied, 114 S.Ct. 683 (1994). Thus, a sentencing court is free to consider extrinsic corroborating evidence to establish the reliability of hearsay. Id.
 
 
 15
 There was sufficient indicia of reliability to support the probable accuracy of Duran's hearsay testimony. Upon review of the record, it appears that Molina's statements to Duran were statements against Molina's interest. Hearsay testimony regarding statements against the declarant's interest are deemed reliable under Fed.R.Evid. 804(b)(3), if the declarant is unavailable and the statements expose the declarant to criminal liability. Molina's statements regarding the Nogales cocaine exposed Molina to criminal liability. Further, Molina was unavailable for purposes of Rule 804(b)(3) because he was a co-defendant in this case and could have invoked his Fifth Amendment privilege. United States v. Miller, 771 F.2d 1219, 1235 (9th Cir.1985). Therefore, the district court had sufficient indicia of reliability supporting the accuracy of Duran's testimony to consider the Nogales cocaine (relevant conduct) in calculating the base sentencing level. Accordingly, we hold that the use of the hearsay evidence in sentencing Fuentes was proper.
 
 II. "BAD ACTS" EVIDENCE (Fuentes)
 
 16
 "Rule 404(b) is a rule of inclusion" and "evidence of past wrongful acts is admissible if it is relevant to an issue other than the defendant's character or criminal propensity." United States v. Alfonso, 759 F.2d 728, 739 (9th Cir.1985) (citation omitted). The prior bad acts evidence was admitted as background to the erroneously admitted hearsay statements.[1] Thus, the balancing between the actual need for the "other crimes" evidence and the prejudice to Fuentes seems to weigh in on the side of prejudice. Any error in admitting this evidence, however, is harmless. Gutierrez provided ample testimony implicating Fuentes in the cocaine conspiracy during the relevant time period. Compare United States v. Garcia-Orozco, 997 F.2d 1302, 1304-05 (9th Cir.1993) (defense rested largely on defendant's testimony, and the government's extensive use of his prior arrest and conviction more than likely affected the jury's measure of his credibility); Alfonso, 759 F.2d at 740 (evidence against defendant was "tenuous" and it was error to admit prior wrongful conduct evidence).
 
 
 17
 The district court may have abused its discretion in admitting the evidence of other crimes against Fuentes under 404(b). Any error in its admission, however, was harmless.
 
 
 18
 III. QUASHING OF SUBPOENA DUCES TECUM TO THE IRS (Fuentes)
 
 
 19
 Of the four statutory exceptions allowing disclosure of taxpayers' return information, only one arguably applies here. Section 6103(h)(4)(D) provides that a return may be disclosed in a federal judicial proceeding only
 
 
 20
 to the extent required by order of a court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title.
 
 
 21
 26 U.S.C. Sec. 6103(h)(4)(D) (1994). As the Government points out, the requested tax information is at best of marginal relevance and does not outweigh the Congressional policy favoring nondisclosure. The district court properly quashed the subpoena directed to the IRS and denied the subpoena duces tecum directed to the informants themselves.
 
 IV. LIMITATION OF CROSS-EXAMINATION (Campoy)
 
 22
 A trial court has "considerable discretion to limit cross-examination." Carriger v. Lewis, 971 F.2d 329, 333 (9th Cir.1992) (en banc) (internal quotation omitted), cert. denied, 113 S.Ct. 1600 (1993). As the Government points out, Campoy only generalizes about the district court's refusal to permit additional cross-examination and does not point to any specific prejudice to his case.
 
 
 23
 "Generally, once cross-examination reveals sufficient information with which to appraise a witness's possible bias and motives, confrontation demands are satisfied." United States v. Bonnano, 852 F.2d 434, 439 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989). Confrontation demands were satisfied in this case. Gutierrez was cross-examined by six defense counsel in this case. Campoy sheds no light on what specific questions he should have been able to ask Gutierrez. "The trial court does not abuse its discretion as long as the jury receives sufficient information to appraise the biases and motivations of the witness." United States v. Guthrie, 931 F.2d 564, 568 (9th Cir.1991) (quotations omitted); see also United States v. Manning, 56 F.3d 1188, 1197 (9th Cir.1995). The district court did not abuse its discretion in refusing to reopen additional cross-examination of Gutierrez for presumably cumulative evidence.
 
 V. CONCLUSION
 
 24
 For the reasons stated above, we AFFIRM in all respects as to Fuentes. As to Campoy, we REVERSE AND REMAND the conviction on Count 3, but AFFIRM the judgment on the other two counts.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Duran also testified that in his prior dealings with Fuentes he was shown an underground storage area at Fuentes' auto shop that was used to store cocaine. A DEA agent later testified that the day after the August 6, 1993, bust he helped execute a search warrant at the shop, specifically the underground storage area described in Duran's testimony. The agent described the contents of the storage area, which did not include any cocaine