**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Linda Katrina CORNELIA, aka, Linda Koopman aka, Linda Katrina Cornelia Koopman, Defendant—Appellant.**

No. 00–50657.
D.C. No. CR–99–03588–HBT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 2002.

Decided Oct. 8, 2002.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before FERNANDEZ and RAWLINSON, Circuit Judges, and SHEA,* District Judge.

## MEMORANDUM**

Cornelia was convicted by a jury of conspiracy to import MDMA.[1] She now appeals the district court's denial of her motion for a new trial on the basis of

---

* The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the

prosecutorial misconduct, the district court's evidentiary rulings, the denial of her Jenck's Act motion, and the district court's decision not to give jury instructions proposed by Cornelia.

**Prosecutorial Misconduct**

Cornelia asserts that the prosecutor's opening statement, telling the jury that Cornelia refused a government agent's request for consent to search an apartment she shared with co-defendant Jamie Rhines ("Rhines"), and the prosecutor's statement to the defense attorney in the jury's presence that Cornelia should "plead" constituted prosecutorial misconduct.

Reversal of a conviction is required only if the alleged prosecutorial misconduct actually deprived Cornelia of a fair trial. *United States v. Yarbrough*, 852 F.2d 1522, 1539 (9th Cir.1988). Any prejudicial effect of the prosecutor's opening statement that Cornelia refused to give government agents consent to search the apartment was neutralized by the court's curative instructions. *See United States v. Crenshaw*, 698 F.2d 1060, 1063 (9th Cir.1983). Similarly, any prejudice was rendered harmless by the other "substantial independent and credible evidence" of Cornelia's guilt. *United States v. Scholl*, 166 F.3d 964, 974 (9th Cir.1999).

The prosecutor's statement that Cornelia should "plead" "suggests that information not presented to the jury supports the [government's] witness's testimony" that Cornelia was guilty. *United States v. Sarkisian*, 197 F.3d 966, 989 (9th Cir.1999) (citations omitted). However, the overwhelming evidence of *Cornelia's*

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. MDMA (methylenedioxymethamphetamine) is also known as "Ecstasy."

guilt in the record negates any probability that the comment affected the fairness of the trial and the jury's guilty verdict. If the prosecutor engaged in any misconduct in making the comment that Cornelia should "plead," it was harmless. *Id.* Accordingly, the district court did not err in denying Cornelia's motion for mistrial based on prosecutorial misconduct.

### Evidentiary Rulings

We review the admission of evidence for an abuse of discretion. *United States v. Arambula–Ruiz,* 987 F.2d 599, 602 (9th Cir.1993). The district court's admission of the testimony is reviewed for "plain error" where a party failed to make a specific objection or made the wrong specific objection. *United States v. Rivera,* 43 F.3d 1291, 1295 (9th Cir.1995). A "plain error is a highly prejudicial error affecting substantial rights, and is found only in exceptional circumstances." *Id.*

Cornelia asserts that the court erred in allowing a customs inspector to express his opinion of Cornelia's credibility. Because Cornelia objected to the testimony on the basis of relevance and not as improper opinion evidence, we review for plain error.

Given Cornelia's admission that she "lied" and her attorney's acknowledgment that she lied to protect her boyfriend, any error that resulted when the district court admitted the inspector's testimony was harmless. The inspector's characterization of Cornelia's response to his question was a reasonable interpretation, considering the information he was given before he questioned her, and is supported by Cornelia's admission that she lied. Additionally, the testimony was given in the context of explaining why the investigator decided to question Cornelia further. No plain error occurred in admitting the testimony.

### Jencks Act

Cornelia challenges the district court's ruling allowing the government to produce redacted reports of witness statements, arguing that the Jencks Act required the production of unredacted reports. However, Cornelia presented no concrete evidence of which she was deprived as a result of the redaction. Absent such a showing, she cannot establish a Jencks Act violation. *See United States v. Henke,* 222 F.3d 633, 642 (9th Cir.2000). The district court did not abuse its discretion in denying Cornelia's request for unredacted reports.

### Jury Instructions

Cornelia's proposed jury instruction number 5 required the jury to determine whether the proof established "a single conspiracy or multiple conspiracies." Cornelia's proposed instruction number 2 required the jury to decide whether the conspiracy charged in the indictment existed.

The district court denied Cornelia's motion for a multiple conspiracy jury instruction, ruling that there was no evidence to support Cornelia's multiple conspiracy theory in light of evidence establishing a single conspiracy. Given the "substantial latitude" accorded the district court, its instructions "fairly and adequately covered the issues presented." *United States v. Bauer,* 84 F.3d 1549, 1560 (9th Cir.1996) (as amended) (citation omitted). The district court's jury instructions as a whole adequately covered Cornelia's multiple conspiracy theory. *Id.* at 1561.

Based on the foregoing, Cornelia's conviction and sentence are affirmed.

**AFFIRMED.**