**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Nicholas CASTILLO, Defendant—Appellant.**

**No. 03–30264.**

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted April 2, 2004.*

Decided April 7, 2004.

Aaron N. Lucoff, Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

R. Wade Curtis, Esq., Boise, ID, for Defendant–Appellant.

Before: LEAVY, WARDLAW, and GOULD, Circuit Judges.

## MEMORANDUM **

Nicholas Castillo appeals his conviction for possession of a controlled substance with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. Castillo contends that the district court's admission of evidence regarding a prior negotiation to sell methamphetamine was improper under Federal Rule of Evidence 404(b) because (1) it did not prove a material point; (2) it was too remote in time; (3) it was not similar to the offense charged; and (4) the prejudicial effects of the prior act evidence outweighed its probative value. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

Evidence may be admitted under Rule 404(b) if: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Romero*, 282 F.3d 683, 688 (9th Cir.2002). If the prior act evidence meets this test, we then evaluate whether the probative value of

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**1.** We review a district court's admission of evidence under Fed.R.Evid. 404(b) for an abuse of discretion. *United States v. Romero*, 282 F.3d 683, 688 (9th Cir.2002). If we conclude that the district court erred in admitting evidence under Rule 404(b), we will reverse only when the error was not harmless. *Id.*

the evidence is substantially outweighed by its prejudicial impact under Federal Rule of Evidence 403. *Id.*

Castillo argues that the prior act evidence did not prove a material point. We have held that where the defendant offers a defense of ignorance, "we think it within the discretion of the trial court to decide that a previous dealing is relevant on the issue of the knowledge of the participant in a second event." *United States v. Mehrmanesh*, 689 F.2d 822, 831 (9th Cir.1982) (internal quotation marks omitted). Here, Castillo's prior negotiation to sell methamphetamine was probative to show his knowledge and intent regarding the methamphetamine found in the box.

Castillo next argues that evidence of the prior negotiation was too remote in time. This argument finds no support in our case law. Castillo's prior negotiation took place only seven months before his arrest in this case. Yet, we have held that "[w]here prior acts were similar to those charged, previous decisions have upheld admission of evidence of acts up to twelve years old." *United States v. Smith*, 282 F.3d 758, 769 (9th Cir.2002) (internal quotation marks omitted). Castillo's prior negotiation to sell methamphetamine was similar to the acts for which he was charged, and the seven month period between the prior negotiation and Castillo's arrest when the box containing methamphetamine was found in his trailer bedroom did not render the evidence too remote in time.

Castillo argues further that the prior act of negotiating a methamphetamine sale is dissimilar to the charges for which he was convicted. As we have just explained, however, the acts were similar. To elaborate, we have held:

> The degree of similarity required ... will depend on the evidential hypothesis which is being employed. Thus, for example, we have held that similarity is

always required to prove identity of intent.... When offered to prove knowledge, however, the prior act need not be similar to the charged act as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence.

*United States v. Arambula–Ruiz*, 987 F.2d 599, 603 (9th Cir.1993) (internal quotation marks omitted). Here, the government offered the testimony of Michael Brandt and Carlos Benitez to prove that Castillo had knowledge of the methamphetamine in the box and had the intent to distribute it. That Castillo was previously negotiating to deal methamphetamine tends to show that he knew the box contained methamphetamine, and that he intended to distribute it. The prior negotiations are sufficiently similar to permit their admission into evidence.

Finally, challenging the district court's exercise of discretion in assessing the requirements of Rule 403, Castillo contends that the probative value of the prior act testimony was outweighed by its prejudicial effect, and thus the evidence should have been excluded under Rule 403. We reject this argument. We have previously held that "a district court that balances probity and prejudice and provides a limiting instruction [does] not abuse its discretion." *United States v. Howell*, 231 F.3d 615, 629 (9th Cir.2000). Similarly here, the district court conducted a Rule 403 analysis that weighed both relevance and prejudice, and gave a limiting instruction. The district court exercised a sound discretion and did not abuse its discretion in its challenged evidentiary ruling under Rule 403.

In sum, we reject all of Castillo's claimed errors in the evidentiary rulings relating to the admission of testimony

about Castillo's prior negotiations to sell methamphetamine.

**AFFIRMED.**