**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Timothy James BUTLER, Defendant—
Appellant.**

No. 04–30110.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2005.*

Submission Withdrawn April 26, 2005.

Resubmitted June 6, 2005.

Decided June 7, 2005.

---

**6.** *Id.* at 1208–09.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Aaron N. Lucoff, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Deborah Whipple, Esq., Nevin, Herzfeld, Benjamin & McKay, Boise, ID, for Defendant–Appellant.

Before: FERNANDEZ, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Timothy James Butler appeals his conviction and sentence for one count of possession with intent to distribute fifty grams or more of a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the conviction and remand for resentencing in light of *United States v. Booker*, —— U.S. ——, ——, 125 S.Ct. 738, 769, 160 L.Ed.2d 621 (2005) and *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc).

On the night of April 29, 2003, police searched a house in Boise, Idaho where Butler lived with Mike Miller. The search of Butler and his bedroom revealed a significant amount of cash, a pay/owe ledger, a cache of firearms and ammunition, plastic bags and a digital scale. In the attic above the garage, police discovered a pillowcase and plastic bag containing 373.59 grams of a substance containing a detectable amount of methamphetamine. The primary issue at trial was whether Butler or some other person had knowledge of, possessed and intended to distribute the methamphetamine found in the attic.

Before trial, the prosecution gave notice that it intended to call witnesses to testify to Butler's prior drug distribution activities "as proof of his knowledge of and intent to distribute" the 373.59 grams of methamphetamine pursuant to Rule 404(b). The prosecution also indicated that it planned to call an expert witness pursuant to Rule 702. Butler timely objected and offered to stipulate that:

> The Defendant will admit that he had seven firearms in his room. He will admit that he is a user of methamphetamine, is familiar with the drug and knows about the habits of drug dealers. He will admit that he has in the past used drugs, purchased drugs and transferred drugs to others to support his habit. The Defendant will admit that whom ever [sic] possessed the drugs in the attic did so with the intent to distribute them.

The prosecution declined to accept Butler's stipulation, and the district court

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ruled both that evidence of Butler's prior drug distribution activities could be admitted to prove knowledge and intent pursuant to Rule 404(b) and that the government could proffer the testimony of an expert witness pursuant to Rule 702. Butler and the prosecution did stipulate that the plastic bag found in the garage attic contained 373.59 grams of a substance containing a detectable amount of methamphetamine.

At trial, the prosecution offered lay witnesses who testified that in the past Butler had negotiated for, possessed and sold several ounces and "approximately three pounds" of methamphetamine, as well as maintained a significant number of firearms. These witnesses also testified that Miller served primarily as a "runner" for Butler's methamphetamine dealing operation. After the testimony of these witnesses, the district court instructed the jury that the testimony was "being admitted for the limited purpose of being considered by you on the question of the Defendant's intent, motive, or knowledge, and for no other purpose." The expert witness, Ada County Sheriff's Office Detective Joe Wright, testified about his law enforcement experience with the use of cash, scales, pay/owe ledgers, plastic bags, and firearms in connection with methamphetamine distribution activities.

Butler's primary defense was that he had no knowledge of the methamphetamine and that it belonged to another person. Several witnesses testified that they had never seen Butler use or deal methamphetamine or that they had seen him use only small quantities. One witness also testified that Miller sold large quantities of methamphetamine and had framed Butler. Butler also testified and stated that he dealt in only small amounts of methamphetamine to support his habit and had never possessed more than one ounce of methamphetamine at a time.

We hold that the district court did not abuse its discretion in admitting the challenged evidence.[1] Federal Rule of Evidence 404(b) permits the use of "other crimes, wrongs, or acts" to show, among other things, knowledge and intent. We have held that to qualify for admission under Rule 404(b), evidence must 1) prove an element of the offense charged; 2) in certain cases, be similar to the offense charged; 3) be based upon sufficient evidence; 4) not be too remote in time; and 5) be more probative than prejudicial under Rule 403. *United States v. Arambula–Ruiz*, 987 F.2d 599, 602–05 (9th Cir. 1993). The evidence that Butler had previously distributed large quantities of methamphetamine meets this test. *Ramirez–Robles*, 386 F.3d at 1242 (affirming the admission of a conviction for methamphetamine distribution to prove knowledge and intent); *United States v. Romero*, 282 F.3d 683, 688 (9th Cir.2002) (allowing testimony of prior cocaine distribution to prove knowledge).

The proposed stipulation by Butler that "he has in the past used drugs, purchased drugs and transferred drugs to others to support his habit" and that "whom ever [sic] possessed the drugs in the attic did so with the intent to distribute them" does not change our assessment for two reasons. First, in cases not involving a status conviction, the defendant may not stipulate away the ability of the prosecution to present its case; the prosecution may elect to prove its case by presenting a coherent narrative. *Old Chief v. United States*, 519 U.S. 172, 186–91, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). Second, even if the

---

**1.** We review for abuse of discretion a district court decision to admit evidence pursuant to Rule 404(b). *United States v. Ramirez–Robles*, 386 F.3d 1234, 1240 (9th Cir.2004).

district court were required to accept a sufficient stipulation, the admissions Butler made were inadequate in light of the charges against him and his defense. A key issue at trial was whether the prosecution had met its burden of proving that Butler knew of and intended to distribute a quantity of 373.59 grams of methamphetamine. Butler's defense—and the proposed stipulation—admit that Butler distributed only that amount of methamphetamine sufficient to support his own habit. *See Ramirez–Robles,* 386 F.3d at 1243 (distinguishing between a user quantity and a distribution quantity); *United States v. Montgomery,* 150 F.3d 983, 1000–01 (9th Cir.1998). Also, Butler's offer to stipulate was inadequate to relieve the burden the government had on the issue of intent. The relevant issue was not that *some unknown person* intended to distribute the 373.59 grams of methamphetamine, but that *Butler* intended to distribute these drugs. Finally, the district court gave a proper limiting instruction, admonishing the jury not to use the 404(b) testimony for any other purpose than as proof of "intent, motive, or knowledge." *See Montgomery,* 150 F.3d at 1001; *Arambula–Ruiz,* 987 F.2d at 604.

We likewise find no abuse of discretion in the admission of the testimony of Detective Joe Wright as an expert witness pursuant to Federal Rule of Evidence 702. The expert witness discussed his experience with the tools of the methamphetamine distribution trade and aided the jury in its understanding of the evidence. We have held such testimony admissible under Rule 702. *See United States v. Murillo,* 255 F.3d 1169, 1176–78 (9th Cir. 2001) (upholding the use of expert testimony in a drug distribution trial to prove knowledge).

Finally, with respect to the challenge Butler raises to his sentencing, we hold that this case should be remanded to the district court to allow it to consider whether it would impose the same 181 month sentence on Butler if the Guidelines system were advisory, rather than mandatory. *See Booker,* 125 S.Ct. at 769; *Ameline,* 409 F.3d at 1084–85.

AFFIRMED IN PART, REMANDED IN PART.