MEMORANDUM *
Christopher Espinoza appeals his conviction on six counts of conspiracy, possession of marijuana with the intent to distribute, and possession of methamphetamine with the intent to distribute under 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), *715 846. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, and reverse and remand in part.
Espinoza first claims the district court abused its discretion in admitting evidence under Federal Rule of Evidence 404(b). Although Espinoza did not contemporaneously object at trial, he filed a motion in limine and renewed his objection at the final pre-trial conference. Because the district court made an “explicit and definitive ruling” at the pre-trial conference “that the evidence [was] admissible,” Espinoza has preserved the issue for appeal. See United States v. Archdale, 229 F.3d 861, 864 (9th Cir.2000).
Since Espinoza preserved his objection, we review the admission of Rule 404(b) evidence under an abuse of discretion standard. See United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir. 1993). “However, the issue of whether the evidence falls within the scope of Rule 404(b) is reviewed de novo. ” Id. To introduce evidence of a prior bad act under Rule 404(b), “‘[the government] must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence.’ ” Id. at 603 (quoting United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982)). Here, the government introduced evidence that Espinoza provided Shane Rohrbaugh with a quarter-pound of marijuana to paint his car sometime in 1996 or 1997. Rohrbaugh did not participate in the charged conspiracies, which occurred in 1998. Further, there was no evidence regarding where Espinoza obtained the marijuana he gave to Rohrbaugh, or that Espinoza possessed this marijuana for distribution. Accordingly, the evidence that Espinoza paid Rohrbaugh a quarter-pound of marijuana to paint his car did not prove a material proposition in the case. Thus, the evidence was outside the scope of Rule 404(b).
On appeal, the government has not argued harmless error. We may, nonetheless, sua sponte find the error to be harmless if its harmlessness is “clear beyond serious debate.” See United States v. Gonzalez-Flores, 418 F.3d 1093, 1100 (9th Cir.2005). As to the counts charged in Indictment # 03-27, the error was certainly harmless. Cammi Rex testified Espinoza packaged and mailed the contraband, and Espinoza’s fingerprint was found on the package containing the drugs. Furthermore, Espinoza’s providing marijuana to Rohrbaugh was dissimilar from the crime charged in # 03-27: possession of methamphetamine and marijuana with Cammi Rex and Andrew Lucero. Therefore, the jury was unlikely to be swayed by the 404(b) evidence. Finding the error to be harmless beyond reasonable debate, we accordingly affirm these four counts of conviction.
However, the error may have been harmful as to the counts charged in # 03-26. There, the jury convicted Espinoza of conspiracy and of only one of the four underlying acts. No fingerprint evidence corroborated James Rex’s testimony. Further, the jury convicted Espinoza of possessing the June 1998 load of marijuana, and not the April 1998 load, despite the stronger evidence that Espinoza possessed the April 1998 load. This anomalous verdict may have been the result of the erroneous admission of the 404(b) evidence of Espinoza’s prior marijuana transaction with Rohrbaugh, as James Rex delivered the June 1998 load, but not the April 1998 load, to Rohrbaugh’s house. In any event, given the weakness of the prosecution’s case against Espinoza on the counts charged in # 03-26, it is at least reasonably debatable that the error had a material effect on the verdict. Accordingly, we reverse Espinoza’s conviction on the counts charged in # 03-26. See Gonzalez-Flores, 418 F.3d at 1100.
*716 Espinoza also challenges the lack of specificity in the limiting instructions given on the prior bad acts evidence. Because he failed to object to the form of the instructions at any point during the proceedings below, we review for plain error. See, e.g., United States v. Recio, 371 F.3d 1093, 1099-1102 (9th Cir.2004). The district court, at the government’s request, repeatedly instructed the jury according to the Ninth Circuit’s pattern instruction on Rule 404(b). Even if the court’s limiting instructions were somehow erroneous, the error certainly would not be plain. See United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (to be “plain,” the error must be “clear under current law”).
AFFIRMED IN PART, REVERSED and REMANDED IN PART.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.