*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Remberto BELTRAN, aka Remberto Cortes Beltran; Remberto C. Beltran, Defendant–Appellant.**

**No. 05–50581.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Nov. 28, 2006.

---

Becky S. Walker, Esq., Robert McGahan, AUSA, Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Remberto Beltran, Santa Ana, CA, pro se.

Wayne R. Young, Esq., Santa Monica, CA, for Defendant–Appellant.

Before: T.G. NELSON and BYBEE, Circuit Judges, and DUFFY,* Senior District Judge.

MEMORANDUM **

The facts and procedural posture of the case are known to the parties, and we do

---

* The Honorable Kevin T. Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

not repeat them here. On appeal, Appellant Remberto Beltran ("Appellant") argues that the district court committed two evidentiary errors at trial that warrant reversal of his conviction for conspiracy to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 846, and for distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1).

First, Appellant asserts that the district court erred in allowing the prosecution to present evidence of his brother's arrest for transporting to Appellant's customers 10 pounds of methamphetamine owned by Appellant. We review the district court's admission of "other acts" evidence under Federal Rule of Evidence 404(b) for an abuse of discretion. *See United States v. Romero*, 282 F.3d 683, 688 (9th Cir.2002). Because the evidence of Appellant's brother's arrest—and Appellant's own involvement as drug owner and distributor—1) is sufficiently supported, 2) is not overly remote, 3) involves similar conduct, and 4) tends to prove a material element of the crime, *see United States v. Arambula–Ruiz*, 987 F.2d 599, 602–04 (9th Cir.1993), we find the evidence was appropriately admitted. *See also United States v. Simtob*, 901 F.2d 799, 807 (9th Cir.1990) (allowing similar evidence under Rule 404(b)). We also hold that the district court did not abuse its discretion when it found that the evidence was not unduly prejudicial. *See Arambula–Ruiz*, 987 F.2d at 604.

Second, Appellant argues that the district court erred in permitting expert testimony to rebut Appellant's affirmative defense of entrapment. We review the district court's admission of expert testimony for abuse of discretion, *see United States v. Younger*, 398 F.3d 1179, 1188 (9th Cir.2005), and reverse only if the ruling was "manifestly erroneous," *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000). We find that the district court did not abuse its discretion in finding that the expert testimony did not violate Rule 704(b)'s prohibition of testimony as to mental state of the crime charged, *see* FED.R.EVID. 704(b), where the expert explained that possession of large amounts of methamphetamine is consistent with prior experience in drug trafficking and that Appellant's conduct suggested prior experience in drug trafficking, *see United States v. Gonzales*, 307 F.3d 906, 911–12 (9th Cir.2002).

Accordingly, the conviction is **AFFIRMED**.

*This case was not selected for publication in the Federal Reporter*