9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony DeMICHAEL, Defendant-Appellant.
 No. 93-10157.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 27, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony DeMichael appeals his conviction, which followed a jury trial, for two counts of interfering with a flight crew member in violation of 49 U.S.C. § 1472(j). DeMichael argues that the district court abused its discretion by allowing the government to introduce testimony that he harassed guests and struck a security officer at a hotel within a few hours after he was arrested for the conduct at issue in this appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for abuse of discretion the district court's decision to admit evidence of other conduct under Fed.R.Evid. 404(b). United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993). We consider the following four requirements in determining whether evidence was properly admitted to prove intent or absence of mistake under Rule 404(b): (1) it must prove a material element of the offense for which the defendant is now charged; (2) in certain cases, the ... conduct must be similar to the charged conduct; (3) proof of the ... conduct must be based upon sufficient evidence; and (4) the ... conduct must not be too remote in time. Id.
 
 
 4
 "The district judge has wide latitude" in deciding to admit or exclude evidence. United States v. Hitt, 981 F.2d 422, 424 (9th Cir.1992). "We let jurors see and hear even marginally relevant evidence because we trust them to weigh the evidence appropriately." Id., 981 F.2d at 423. Fed.R.Evid. 403 nonetheless bars evidence that provokes " 'an emotional response in the jury or otherwise tends to affect adversely on the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.' " United States v. Ramirez-Jimenez, 967 F.2d 1321, 1327 (9th Cir.1992) (quoting United States v. Bailleux, 685 F.2d 1105, 1111 (9th Cir.1982)).
 
 
 5
 At trial, the government presented the testimony of three flight attendants that DeMichael smoked against their orders and repeatedly fondled, groped and harassed them in the course of an American West flight from Chicago to Las Vegas. A passenger on the flight confirmed the flight attendants' account of DeMichael's conduct.
 
 
 6
 In his defense, DeMichael presented the testimony of his traveling companion, James Charalab. Charalab testified that DeMichael had sat in the window, not the aisle, seat and that nothing extraordinary had happened on the flight. He intimated that the flight attendants had lied about DeMichael's conduct because Charalab's expensive sunglasses had disappeared on the flight and because Charalab had sued the airline for having him arrested upon landing. Charalab also testified that DeMichael was "warmhearted" and that touching was not typical behavior for him.
 
 
 7
 The government then introduced evidence to show that DeMichael's conduct had not been inadvertent and to rebut Charalab's assertions about DeMichael's character. Wendell Imroth, a security officer at the Mirage Hotel and Casino, testified that on the night DeMichael and his companions flew into Las Vegas, he responded to a complaint that DeMichael was harassing guests and fighting in the hotel saloon. Imroth testified that DeMichael was combative and belligerent when Imroth escorted him from the saloon and that DeMichael struck him when he asked him to leave the hotel. The district judge instructed the jury that the evidence of DeMichael's conduct at the hotel could be considered only for the purposes described in Fed.R.Evid. 404(b).
 
 
 8
 On appeal, DeMichael argues that Imroth's testimony was hearsay and that the conduct Imroth described was not similar to the conduct with which DeMichael was charged. We disagree.
 
 
 9
 The district court properly sustained DeMichael's objection to the portions of Imroth's testimony describing conduct that he had not personally witnessed. Imroth was competent to testify, however, that DeMichael's conduct was obnoxious, belligerent and assaultive, and his testimony was sufficient to persuade a reasonable juror that DeMichael had committed the subsequent acts. Moreover, we hold that DeMichael's behavior at the hotel was strikingly similar to his behavior on the airplane. Thus, we conclude that Imroth's testimony was probative of DeMichael's intent. See Hitt, 981 F.2d at 424. While the testimony may have tainted DeMichael's character in the minds of the jury, it is unlikely that it awakened an irrational or emotional desire to punish him based on his character alone. See id.; Ramirez-Jimenez, 967 F.2d at 1327. Accordingly, we discern no abuse of discretion in the district court's decision to admit Imroth's testimony. See Arambula-Ruiz, 987 F.2d at 602.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3