**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ronald Vaughn SMITH, Defendant—Appellant.**

No. 01–30306.

D.C. No. CR–99–00133–RCT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Decided Jan. 10, 2003.

Before B. FLETCHER, KLEINFELD and McKEOWN, Circuit Judges.

MEMORANDUM **

Smith argues that images obtained from his home computer should have been suppressed because the search violated the Fourth Amendment. We review motions to suppress de novo and review the trial court's factual findings for clear error.[1] Smith was subject to an "upon reasonable cause" search condition in his probation order with the State of Montana and the police had reasonable suspicion to suspect Smith after his former employer discovered images of child pornography on his office computer following his termination. Taken together, reasonable suspicion of Smith and his probation condition validate the search under the Fourth Amendment.[2]

Citing *United States v. Rogers,*[3] Smith also argues that his statements to police should have been suppressed because they, and his waiver of his *Miranda* rights, were involuntary and violated due process. We review the voluntariness of statements to the police and of a *Miranda* waiver de novo.[4] The case at bar is distinguishable

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See United States v. Jones,* 286 F.3d 1146, 1150 (9th Cir.2002).

2. *See United States v. Knights,* 534 U.S. 112, 116–17, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001).

3. 906 F.2d 189 (5th Cir.1990).

4. *United States v. Okafor,* 285 F.3d 842, 846–47 (9th Cir.2002) (voluntariness of statements); *United States v. Amano,* 229 F.3d 801, 803 (9th Cir.2000) (*Miranda* waiver).

from *Rogers* because the *Miranda* waiver here occurred prior to any statements by police promising not to arrest Smith. Thus, it was temporally impossible for the police statements to have caused the waiver. Smith's Sixth Amendment right had not yet attached.

Third, Smith argues that it was error to reject his stipulation to the child pornography content of the images and that it was unfairly prejudicial to allow the jury to see those images. We review evidentiary decisions such as rejecting stipulations for an abuse of discretion.[5] After Smith's offer to stipulate and under *Merino–Balderrama,* whether the images should have been allowed to reach the jury "would turn on whether they were more probative of scienter—and only that element of the offense—relative to" other evidence.[6] In *Merino–Balderrama,* the evidence introduced was less probative of scienter than other less prejudicial evidence—child pornography films versus film box covers. Not so here, where there was no less prejudicial or more probative alternative to the evidence introduced here—a small number of images of child pornography. Also, the record shows that Judge Tallman weighed the options and carefully limited the prosecution's use of the images as well as the number of representative images that could be introduced. Because it was not unfairly prejudicial to introduce the images against Smith, no error occurred.

Finally, Smith argues that it was error to allow evidence of his probation status as it violated the prohibition on prior bad acts evidence under Federal Rules of Evidence 404(a). We review the district judge's decision to admit evidence of prior bad acts under Federal Rule of Evidence 404(b) for abuse of discretion.[7] Smith was on probation for sexual assault of a child in Colorado. The evidence had probative value as to Smith's knowledge and motive for his actions as well as the absence of mistake. These were at issue. This evidence falls under the express 404(b) exception to the exclusion of prior bad acts evidence and Judge Tallman, under *United States v. Arambula–Ruiz,*[8] did not abuse his discretion.

AFFIRMED.

---

5. *United States v. Merino–Balderrama,* 146 F.3d 758, 761 (9th Cir.1998).

6. *Id.* at 762–63.

7. *See United States v. Williams,* 291 F.3d 1180, 1189 (9th Cir.2002).

8. 987 F.2d 599, 602–03 (9th Cir.1993).

