**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Calvin Frank MORRIS, Defendant–
Appellant.**

No. 05–10667.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 15, 2006 *.

Filed Dec. 12, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

David A. Pimsner, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Nancy L. Hinchcliffe, Esq., Phoenix, AZ, for Defendant–Appellant.

Before: SCHROEDER, Chief Circuit Judge, FARRIS and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Calvin Morris challenges the sufficiency of the evidence for his conviction on Federal drug and racketeering charges. He also argues that the district court improperly admitted evidence of a prior drug arrest and that Federal agents engaged in sentencing entrapment by selling cocaine to his co-conspirator at an artificially low price.

■ Morris argues that the evidence was insufficient because he gave an innocent explanation of why he flew to Arizona and handled the duffel bag containing money for the cocaine deal. But the fact that Morris's actions could be innocently explained does not mean that the evidence was insufficient to find him guilty. In evaluating the sufficiency of the evidence, "the relevant inquiry is not whether the evidence excludes every hypothesis except guilt." *United States v. Mares,* 940 F.2d 455, 458 (9th Cir.1991). Rather, the relevant inquiry is "whether the jury could reasonably arrive at its verdict." *Id.* Moreover, acts which otherwise appear innocent, when viewed in context, may support an inference of guilt. *United States v. Batimana,* 623 F.2d 1366, 1368 (9th Cir.1980).

The jury could reasonably have inferred his guilt. Morris's co-conspirator told the Drug Enforcement Agency on multiple occasions that he was working with a knowing accomplice. Moreover, the officer who arrested Morris testified that Morris made numerous statements that surveillance proved false. The jury properly determines facts and reasonable inferences from these facts.

■ Morris also argues that the district court improperly admitted evidence of his prior arrest for drug possession with intent to distribute. But evidence of a defendant's prior bad acts is generally admissible to prove the defendant's knowledge. *See* Fed. R. Evid 404(b).

Morris claims that his prior drug arrest is inadmissible under Rule 404(b) because it was insufficiently similar to the present charged offense. But we only require factual similarity between the prior bad act and the charged offense if the prior bad act is offered to prove the defendant's intent. *United States v. Beckman,* 298 F.3d 788, 794 (9th Cir.2002). Morris's prior arrest was primarily offered to prove his knowledge. Even assuming that the prior arrest was offered to prove Morris's knowledge *and* intent, we do not require factual similarity when a prior bad act is offered to prove both these purposes. *See United States v. Arambula–Ruiz,* 987 F.2d 599, 603 (9th Cir.1993).

■ Finally, Morris argues that his sentence should be vacated because Federal agents engaged in sentencing entrapment when they sold cocaine to Morris's co-conspirator at an artificially low price. Sentencing entrapment occurs when a defendant, although predisposed to commit a lesser offense, is entrapped into "committing a greater offense subject to greater

punishment." *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir.1994). To prove sentencing entrapment in a drug-related sting operation, a defendant must demonstrate that he had neither the intent nor the resources to purchase the quantity of drugs at issue. *United States v. Naranjo*, 52 F.3d 245, 250 (9th Cir.1995).

This claim fails. Morris's co-conspirator initially sought to buy five kilograms of cocaine at an artificially low price. The Federal agents merely agreed to meet his price and quantity requests. Morris's co-conspirator—and, by extension, Morris—had the pre-existing intent to purchase five kilograms of drugs at an artificially low price. There was no entrapment.

AFFIRMED.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.