UNITED STATES of America,
Plaintiff–Appellee,

v.

Jaime Gustavo GAYTAN–GONZALEZ,
aka Gaytan Jaime Gonzalez,
Defendant–Appellant.

No. 05–50542.

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2007.*

Filed March 12, 2007.

Becky S. Walker, Esq., Antoine F. Raphael, AUSA, Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Gretchen Fusilier, Esq., Carlsbad, CA, for Defendant–Appellant.

Before: FERNANDEZ, GRABER, and IKUTA, Circuit Judges.

MEMORANDUM **

A jury convicted Defendant Jaime Gustavo Gaytan–Gonzalez of possession with intent to distribute methamphetamine and conspiracy to distribute methamphetamine. During Defendant's trial, the government presented evidence of a prior conviction for possession of methamphetamine for sale, for the purpose of proving knowledge and intent. The district court gave the jury a limiting instruction regarding that evidence.

■ 1. We review for abuse of discretion a district court's admission of evidence under Federal Rule of Evidence 404(b). *United States v. Mayans*, 17 F.3d 1174,

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1181 (9th Cir.1994). Defendant argues that the 2003 conviction is not similar to the currently charged crime and, therefore, that the evidence is not relevant. We disagree. A prior conviction of possession with intent to distribute a drug is probative of knowledge and intent with regard to a current charge of the same offense. *United States v. Arambula–Ruiz,* 987 F.2d 599, 603 (9th Cir.1993). The prior conviction is sufficiently similar to the current charge because it "tend[s] to make the existence of the defendant's knowledge more probable than it would be without the evidence." *Id.* Thus, the district court did not abuse its discretion in admitting the evidence under Rule 404(b).

■ 2. We review for plain error the limiting instruction to which Defendant did not object at trial, *see Jones v. United States,* 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999), and find none. The underlying evidence was properly admitted, and the wording of the instruction was proper.

AFFIRMED.