UNITED STATES of America,
Plaintiff—Appellee,

v.

Linda McCarley SCHAEFER,
Defendant—Appellant.

No. 06–30457.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2007.

Filed Aug. 6, 2007.

James E. Seykora, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Jack E. Sands, Esq., Billings, MT, for Defendant–Appellant.

Before: REINHARDT, HALL, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Following a jury trial, Linda Schaefer was convicted for conspiracy to possess methamphetamine with intent to distribute, substantive counts of possessing methamphetamine with intent to distribute, and using a communications facility in furtherance of a drug-trafficking crime. Schaefer appeals her conviction on the grounds that the district court erred in admitting certain evidence and testimony at trial, and in

* This disposition is not appropriate for publication and is not precedent except as provided

denying her motions for acquittal or new trial. We affirm.

## A. Evidence of Drugs from Coconspirators

Schaefer argues that the district court erred in admitting drugs seized from three individuals: Robert Larson, Jeramy Ohmstede and David Maxwell. In particular, Schaefer contends that, under *United States v. Lai*, 944 F.2d 1434 (9th Cir.1991), the government did not establish an adequate foundation to admit this evidence under Federal Rule of Evidence 901.

■ Schaefer misreads *Lai*. By its terms, *Lai* does not purport to apply to physical evidence. *See Lai*, 944 F.2d at 1444 (determining that the drugs records sought to be admitted were hearsay). A general challenge under Rule 901 also fails. Rule 901 provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Schaefer does not seriously challenge the authenticity or identification of the evidence—it is uncontested that the evidence presented was of methamphetamine seized from Larson, Ohmstede and Maxwell. Accordingly, the district court did not abuse its discretion by admitting this evidence.

## B. Evidence of Cash from Larson

At trial, a highway patrol officer testified that he pulled Larson over and found a large amount of cash in Larson's truck and wallet. Schaefer argues that the district court erred in admitting this testimony because the district court also barred

by 9th Cir. R. 36–3.

her cross-examination to elicit testimony that Larson received the cash as an inheritance and that the cash was eventually returned to Larson. We construe this objection as an argument that the district court's refusal to permit cross-examination violated her rights under the Confrontation Clause.[1]

 The district court properly admitted the officer's testimony as relevant to Larson's connection to the drug conspiracy; the large quantity of cash on Larson, particularly in light of Sherry Minear and Schaefer's testimony that Larson was to meet Sherry Minear the night he was pulled over, was evidence that Larson was en route to purchase methamphetamine from Sherry and Raymond Minear. Because Schaefer's topic for cross-examination—the source of the cash and whether the cash was returned to Larson after his arrest—is irrelevant as well as outside the scope of the direct examination, the district court did not err in barring it. *See* Fed.R.Evid. 611(b).

### C. Statements of an Alleged Coconspirator

At trial, Fisher testified that he was selling methamphetamine to Buckner and that Buckner told him he was selling some of Fisher's methamphetamine to Schaefer who was, in turn, distributing to others. Schaefer argues that the district court erred in admitting Buckner's statements as part of Fisher's testimony under Federal Rule of Evidence 801(d)(2)(E).

 The district court did not abuse its discretion by admitting Fisher's testimony about Buckner's statements because the government presented "sufficient evidence to support the inference that the statements were made in furtherance of the conspiracy while the conspiracy was in ex-

istence." *United States v. Arambula–Ruiz,* 987 F.2d 599, 608 (9th Cir.1993) (quoting *United States v. Miller,* 771 F.2d 1219, 1233 (9th Cir.1985)). Fisher testified at trial that Buckner introduced him to Schaefer, that Schaefer initially held the methamphetamine Fisher sold to Buckner on Buckner's behalf, and that Fisher eventually sold methamphetamine directly to Schaefer. Because the district court did not clearly err in determining that a conspiracy existed and that Buckner's statements were in furtherance of that conspiracy, it did not err in admitting Buckner's statements through Fisher's testimony at trial. *See Miller,* 771 F.2d at 1236 (holding that an unindicted individual's statements made in an attempt to solicit another individual's cooperation in the conspiracy were made in furtherance of the conspiracy).

### D. Summary Exhibits of Telephone Calls

 At trial, the government introduced the telephone records of the Minears, Larson and Schaefer in a summary exhibit over the objection of Schaefer's counsel. Under Federal Rule of Evidence 901, authentication is a precondition to admissibility. The Government has not provided evidence that the phone records on which the summary exhibits are based are admissible as authentic. Therefore, the "ultimate question . . . is whether the erroneous admission of these summary exhibits was prejudicial, since evidentiary rulings should not be reversed absent some prejudice." *Amarel v. Connell,* 102 F.3d 1494, 1517 (9th Cir.1997).

Schaefer argues that "[a]n important part of the Government's case was to establish that numerous telephone calls had been made between the Minears and Larson and Schaefer." The telephone records

---

1. In her opening brief, Schaefer argues only that "[i]t is fundamental black-letter law that a defendant has the right to confront and cross-examine the witnesses against him."

are largely cumulative on this point. Sherry Minear testified that she called Schaefer and Larson. Indeed, based on Schaefer's own statements to Agent Seder that she called the co-conspirators and that they called her, and based on other uncontested evidence against Schaefer, the admission of the summary records is harmless error.[2]

### E. Sufficiency of the Evidence

Schaefer made a number of motions urging that the government had presented insufficient evidence to sustain its case.[3] Schaefer appeals from the district court's denial of these motions.

■ We hold that the government presented sufficient evidence to support Schaefer's conviction. Schaefer does not contest the testimony of Fisher and the Minears that Schaefer distributed drugs, the testimony of the Minears that Schaefer picked up drugs for Larson, the Minears' drug ledger reflecting that Schaefer purchased 36 pounds of methamphetamine at $11,200 per pound and that drug transactions with Schaefer's account and Larson's account occurred at the same time, and Schaefer's own statements to the investigating agent that she called Larson and the Minears. Viewing this evidence in the light most favorable to the government, we hold that the district court properly denied Schaefer's motions.

Schaefer's conviction is **AFFIRMED.**

2. To the extent that Schaefer is making a cumulative error argument, it fails as co-extensive with her argument that the district court erred in admitting summary exhibits of telephone records for the reasons stated above.

3. Schaefer moved for a directed verdict at the conclusion of the government's case and at the conclusion of trial. Schaefer also filed a "Motion for a Judgment of Acquittal and Alternatively for a New Trial." Each of these motions was based on Schaefer's argument that the government had presented insufficient evidence to sustain a conviction.