**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Frederick Lim JOHNSON,**
**Defendant–Appellant.**

No. 08–10057.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 2009.

Filed May 19, 2009.

by 9th Cir. R. 36–3.

Andrew Caputo, Barbara Valliere, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

James Phillip Vaughns, U.S. Attorney's Office, Northern District of California, Oakland, CA, for Defendant–Appellant.

Before: REINHARDT, SILER,* and McKEOWN, Circuit Judges.

## MEMORANDUM **

Defendant Frederick Lim Johnson appeals from his conviction in the district court for knowingly possessing a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Johnson was observed casing banks over a span of several days, and was subsequently stopped near a bank in an SUV where authorities found a firearm close to where Johnson was seated. Johnson challenges the admission of the pre-arrest surveillance evidence at trial and the effectiveness of his representation of counsel at trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's decision to admit evidence of pre-arrest surveillance under Federal Rule of Evidence 404(b) for abuse of discretion. *United States v. Arambula–Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993).

■■■ Here, the district court did not abuse its discretion by allowing surveillance evidence conducted after May 26, 2007, because it was inextricably intertwined with Johnson's arrest. This evidence was also admissible "for the purpose of providing the context in which the charged crime occurred." *United States v. Collins*, 90 F.3d 1420, 1428–29 (9th Cir. 1996). The district court also did not abuse its discretion by permitting the introduction of previously excluded surveillance evidence from May 25, 2007 and May 26, 2007, since Johnson's counsel opened the door on cross-examination by questioning Special Agent Gurney with respect to those dates. *See United States v. Beltran–Rios*, 878 F.2d 1208, 1212 (9th Cir.

1989). The district court also mitigated any potential for unfair prejudice through cautioning jury instructions.

As a mixed question of law and fact, we review de novo whether Johnson received effective assistance of counsel at trial. *United States v. Jeronimo*, 398 F.3d 1149, 1155 n. 3 (9th Cir.2005) (*citing United States v. Alaimalo*, 313 F.3d 1188, 1191 (9th Cir.2002)).

■■■ "To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (*quoting Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Defense counsel's performance at trial was not ineffective. By asking Agent Gurney a series of questions concerning his surveillance of Johnson on cross-examination, counsel was merely attempting to show that Johnson's activities on the days in question were not entirely related to bank casing and he could have been conducting legal activities. This was a reasonable tactical choice. Unfortunately for Johnson, the tactic resulted in the admission of more surveillance evidence.

■■■ Further, counsel's failure to disclose to his client that he submitted his resume to the United States Attorney's office did not create a conflict of interest. *See Garcia v. Bunnell*, 33 F.3d 1193, 1199 (9th Cir.1994).

AFFIRMED.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.