NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50020 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-001637-WQH-1 |
| v. | |
| BENJAMIN OCHOA-RAMIREZ, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted December 8, 2009
Pasadena, California

Before: REINHARDT, TROTT and WARDLAW, Circuit Judges.

Benjamin Ochoa-Ramirez appeals his conviction for violating 21 U.S.C.

§§ 841(a)(1), 952, and 960, possession with intent to distribute and importation of

marijuana, and appeals the district court's imposition of a thirty-three month

sentence. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Although the district court's grand jury instruction that the United States Attorney is duty bound to present exculpatory evidence was incorrect, this error does not require reversal because the error was not structural and was harmless error given Ochoa-Ramirez's conviction. See Navarro v. United States, No. 08-50365, ___ F.3d ___ , 2010 WL 2331461, at *6–8 (9th Cir. June 11, 2010).

The district court did not abuse its discretion under Federal Rule of Evidence ("FRE") 404(b) when it admitted evidence that Ochoa-Ramirez crossed the border on two prior occasions because (1) this evidence is probative of Ochoa-Ramirez's knowledge that marijuana was in the vehicle he was driving, and (2) a five- or six-day time difference is not too remote. See United States v. Arambula-Ruiz, 987 F.2d 599, 602–04 (9th Cir. 1993); United States v. Ramirez-Jiminez, 967 F.2d 1321, 1326–27 (9th Cir. 1992). Similarly, the district court did not abuse its discretion when it determined that this evidence was not unfairly prejudicial under FRE 403. The evidence was relevant to Ochoa-Ramirez's knowledge, and the district court provided to the jury a limiting instruction that mitigated any unfair prejudice that may have otherwise occurred. See Arambula-Ruiz, 987 F.2d at 602–04; Ramirez-Jiminez, 967 F.2d at 1326–27.

The district court did not abuse its discretion when it denied Ochoa-Ramirez's request to give the jury a "mere presence" instruction because the

2

government's case was not based solely on Ochoa-Ramirez's proximity to the marijuana. Instead, the government relied on proving Ochoa-Ramirez's knowledge that marijuana was in the van he drove across the U.S. border. See United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir. 1992).

The district court did not clearly err when it denied Ochoa-Ramirez's request for a downward departure to his guideline level, based on acceptance of responsibility under U.S.S.G. § 3E1.1, because the evidence of Ochoa-Ramirez's acceptance of responsibility is limited to one post-conviction expression of remorse. See United States v. Restrepo, 930 F.2d 705, 710–11 (9th Cir. 1991).

The district court did not abuse its discretion in imposing the thirty-three month sentence. Ochoa-Ramirez's sentence was substantively reasonable under 18 U.S.C. § 3553(a) because the district court adequately considered the importance of Ochoa-Ramirez's personal and family history under § 3553(a)(1) and determined that these factors were insufficient to outweigh the other § 3553(a) factors. See United States v. Cantrell, 433 F.3d 1269, 1278 (9th Cir. 2006). Moreover, the district court's explanation, albeit brief, was adequate given the straightforward nature of the arguments at issue. See United States v. Carter, 560 F.3d 1107, 1116–19 (9th Cir. 2009).

**AFFIRMED.**