**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>MICHAEL REISEWITZ,<br><br>Defendant-Appellant. | No.  17-10095<br><br>D.C. No.<br>2:16-cr-00973-GMS-2<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted April 10, 2018[**]
San Francisco, California

Before:  D.W. NELSON, W. FLETCHER, and FISHER, Circuit Judges.

Michael Reisewitz appeals from his jury conviction of Possession with

Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(l) and

(b)(l)(B)(vii), and Conspiracy to Possess with Intent to Distribute

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Methamphetamine, in violation of 21 U.S.C. §§ 846, 84l(a)(l) and (b)(l)(B)(vii).

Reisewitz argues that the district court erred when it admitted evidence of his 2010 state conviction for Possession of Dangerous Drugs (methamphetamine) for Sale and Possession of Drug Paraphernalia. "We review a district court's admission of evidence under Federal Rule of Evidence 404(b) for an abuse of discretion." *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Although evidence of prior bad acts is not admissible to show that the defendant has bad character and is prone to criminal activity, it may be introduced to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b). Rule 404(b) evidence may be admitted if (1) the evidence tends to prove a material point, (2) the prior act is not too remote in time, (3) the evidence is sufficient to support a finding that the defendant committed the other act, and (4) when the defendant's knowledge and intent are at issue, the act is similar to the offense charged. *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005). When evidence of a prior act is offered to prove knowledge, the prior act "need not be similar to the charged act as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the knowledge." *United States*

*v. Arambula–Ruiz*, 987 F.2d 599, 603 (9th Cir. 1993) (quoting *United States v. Ramirez–Jiminez*, 967 F.2d 1321, 1326 (9th Cir. 1992)).  "If the evidence meets this test under Rule 404(b), the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403."  *Romero*, 282 F.3d at 688 (9th Cir. 2002) (quoting *United States v. Chea* 231 F.3d 531, 534 (9th Cir. 2000)).

Reisewitz only challenges the first and fourth prongs by claiming that his prior conviction was not relevant to his knowledge that there was methamphetamine hidden under the backseat of his co-defendant Pillatos's car. "Those two prongs, in cases like this, are essentially one and the same: similarity is necessary to indicate knowledge and intent because it can furnish the link between knowledge gained in the prior act and the claimed ignorance of some fact in the offense charged."  *United States v. Mayans*, 17 F.3d 1174, 1182 (9th Cir. 1994) (citation and internal quotation marks omitted).  The fact that Reisewitz's "defense was non-participation does not render the issue of knowledge irrelevant."  *Id.*

"But while the relevance of knowledge can be established at this level of generality, the government still bears the burden of proving a logical connection between [Reisewitz's] purported involvement in [selling small amounts of methamphetamine as the 'neighborhood drug dealer'] and a material fact at issue in

the crime with which he was charged." *Id.* at 183. Contrary to the government's arguments, there is no "logical thread" between Reisewitz's knowledge that a package of methamphetamine was secreted under the backseat of co-defendant Pillatos's car as part of a drug importation conspiracy and his conviction for selling small amounts of methamphetamine because "[common] experience does not permit that connection between the two events to be made."[1] *United States v. Hernandez-Miranda*, 601 F.2d 1104, 1108 (9th Cir. 1979) (holding that the district court abused its discretion by admitting evidence that the defendant had previously been convicted of smuggling marijuana in a backpack in a subsequent prosecution for smuggling heroin in a car when defendant claimed no knowledge of the heroin in the car); *see also United States v. Garcia-Orozco*, 997 F.2d 1302, 1304 (9th. Cir. 1993) (holding that "there is no logical basis from which to infer that Garcia–Orozco knew that the Suburban contained drugs because drugs were found in a car in which he was previously a passenger").

Regardless, any error in admitting evidence of the prior conviction was harmless because "it is not probable that the evidence *materially* affected the

---

[1] As Reisewitz points out, knowledge that there is something hidden under someone's backseat is different from the question of specialized knowledge, i.e., whether Reisewitz would know that a package of white substance is methamphetamine or not.

jurors' verdict." *Arambula-Ruiz*, 987 F.2d at 605. At trial, it was revealed that Pillatos had four prior convictions for drugs or drug trafficking and had previously worked as a confidential informant in Mohave County. After the border patrol agents discovered a pound of methamphetamine hidden in the backseat, Reisewitz told the agents that he did not know Pillatos, did not have a cellphone, and was only hitchhiking. However, Pillatos's testimony implicating both him and Reisewitz in the conspiracy and describing their travel paths was corroborated by cell phone data showing communications between Pillatos and Reisewitz, as well as communications between Pillatos and other conspirators; Wal-Mart video footage showing Reisewitz walking toward Pillatos's car; and video footage and documentation showing Reisewitz's border crossings. Further, the district court provided a limiting instruction to the jury. *See United States v. Holler*, 108 F.3d 1061, 1067 (9th Cir. 2005) (finding that error was harmless because of the substantial evidence supporting defendant's guilt and the district court's limiting instruction), *overruled on other grounds b*y *United States v. Larson*, 495 F.3d 1094, 1100–01 (9th Cir. 2007) (en banc). The prosecutor also emphasized to the jury that the prior conviction should not be used to conclude that because Reisewitz "did it once, he must have done it again. You know, once a drug dealer,

always a drug dealer." Any error in admitting evidence of the 2010 conviction was therefore harmless.

**AFFIRMED.**