**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10501 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00021-RVM-1 |
| v. | |
| YANG ZOU, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, District Judge, Presiding

Submitted June 14, 2019**
Honolulu, Hawaii

Before: THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit Judges.

Defendant-Appellant Yang Zou appeals his conviction for possession of methamphetamine with the intent to distribute, as well as his 97-month sentence. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1. Zou argues that the district court erred in admitting "other acts" evidence in allowing prosecution witness Chen Yang Zang to testify that Zou was one of his methamphetamine suppliers during the time of the current charge.[1] We review the district court's evidentiary rulings for abuse of discretion. *United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004). "Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

To determine admissibility of evidence under Federal Rule of Evidence 404(b), the government carries the burden, *United States v. Arambula-Ruiz*, 987 F.2d 599, 602–03 (9th Cir. 1993), to establish:

> (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.

*United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (citation omitted).

Zou was convicted for possessing methamphetamine with the intent to distribute. There was evidence that on April 16, 2016, in response to a report of

---

[1] Defense objected to the admissibility of Chen's testimony. The court overruled the objection and gave the jury limiting instructions.

2

suspicious activity at Best Sunshine casino, the Commonwealth Casino Commission enforcement officer followed Zou into the public restroom, saw Zou enter the handicap stall, heard him move the trashcan and flush the toilet, and then followed him out of the casino. A cleaning attendant had been cleaning the restroom when Zou entered. After Zou left the restroom, the attendant checked the trash can in the handicap stall and found something wrapped in plastic. He opened the plastic wrap to find two red Marlboro cigarette boxes containing small Ziploc bags of what appeared to be drugs. It was later confirmed that the Ziploc bags contained approximately 40 grams of 97% pure methamphetamine. Two of the eight fingerprints on the exterior plastic wrap matched those of Zou.

Chen testified at trial that he started selling methamphetamine in 2014 and that Zou was one of his suppliers. According to Chen, Zou supplied Chen with methamphetamine three or four times every month, from September 2015 until July 2016. Each time, Zou provided Chen with an average of 50 grams of methamphetamine concealed in red Marlboro cigarette boxes and charged Chen $8,000 U.S. dollars, which equated to about $160 per gram. Chen sold the drugs for about $220 per gram.

Chen's testimony was directly relevant to Zou's charge. First, intent or knowledge are material elements of the crime of possessing methamphetamine with intent to distribute. 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). Second, the

3

evidence of Zou previously supplying methamphetamine to Chen from September 2015 until July 2016 is not too remote because it "occurred during the pendency of the [events of April 16, 2016] with which [defendant] is charged." *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002). Third, Chen's testimony is sufficient to support a finding that Zou committed the other act. *See id.* (describing the third prong of the Rule 404(b) test as a "low threshold" that may be satisfied by the testimony of a single witness). Fourth, even though "similarity is not always a prerequisite to admissibility under Rule 404(b)[,]" *Arambula-Ruiz*, 987 F.2d at 603, the other acts evidence here was very similar to the current charge—supplying methamphetamine in a Marlboro cigarette box with the intent to sell.

Accordingly, the government met its burden to establish the admissibility of Chen's testimony under Rule 404(b). *See United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (en banc) (Rule 404(b) "is a rule of inclusion—not exclusion").

2. Zou also contends that the district court abused its discretion in not excluding the evidence under Rule 403. Zou argues that the evidence "inflamed the jury against Zou" and the prosecutor's closing remark that "that's what he does" was unfairly prejudicial. Relevant evidence "may [be] exclude[d] . . . if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid.

403.

The evidence here was probative because it showed Zou intended to distribute the methamphetamine, knew that the Marlboro boxes contained methamphetamine, and did not mistakenly place his fingerprints on the exterior plastic wrap of the Marlboro boxes. Any prejudice that may have occurred was minimized by the district court's limiting instructions to the jury both before Chen's testimony and at the close of evidence. *See United States v. Flores-Blanco*, 623 F.3d 912, 920 (9th Cir. 2010) (finding that the evidence was probative of knowledge and intent and that any prejudice was minimized by the district court's limiting instruction to the jury). The district court did not abuse its discretion by admitting Chen's testimony.

3.      Zou further argues that even if the evidence was inadmissible, the error was not harmless. Given the weight of the evidence against Zou, even if the admissibility of Chen's testimony was error, it was harmless. *See Bailey*, 696 F.3d at 802–03 (explaining reversal is not required if "there is a 'fair assurance' of harmlessness or, stated otherwise, unless it is more probable than not that the error did not materially affect the verdict" (quoting *United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc)).

**AFFIRMED.**