**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge ZAMORA–SUAREZ, a/k/a Pedro Moncada, Defendant–Appellant.**

**No. 05–50548.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2006 *.

Filed Dec. 14, 2006.

William C. Melcher, Esq., Woodland Hills, CA, for Defendant–Appellant.

Before: BRUNETTI, KOZINSKI, and RYMER, Circuit Judges.

## MEMORANDUM **

The evidence of Zamora–Suarez's (i) prior felony conviction, (ii) admissions during his change of plea colloquy, and (iii) factual basis statement in his plea agreement was properly admitted under Rule 404(b). The evidence related to more then one material issue in the case, including the identity of the perpetrator and the conspiracy (*United States v. Johnson*, 820 F.2d 1065, 1069–70 (9th Cir.1987); *United States v. McKoy*, 771 F.2d 1207, 1214–15 (9th Cir.1985)), was sufficiently proven (*United States v. Arambula–Ruiz*, 987 F.2d 599, 603 (9th Cir. 1993)), was not too remote in time *(United States v. Spillone*, 879 F.2d 514, 519 (9th Cir.1989)), and was sufficiently similar to the current charges *(United States v. Quinn*, 18 F.3d 1461, 1465–66 (9th Cir. 1994); *United States v. Chea*, 231 F.3d 531, 535 (9th Cir.2000)).

Moreover, the evidence was properly admitted under Rule 403. The danger of unfair prejudice from such evidence did not substantially outweigh its probative value. *Johnson*, 820 F.2d at 1068–69.

The district court also gave the jury appropriately limiting instructions on the purpose for which the items were being received and how the jury should consider the evidence. *United States v. Houser*, 929 F.2d 1369, 1373 (9th Cir.1990), *abrogated on other grounds by Buford v. United States*, 532 U.S. 59, 64, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.