UNITED STATES of America,
Plaintiff–Appellee,

v.

Antonio GONZALEZ, Defendant–Appellant.

No. 06–10319.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 2007.

Filed March 21, 2007.

---

Jane L. McClellan, Federal Public Defender's Office, Phoenix, AZ, Defendant–Appellant.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM \*

Antonio Gonzalez appeals his conviction for four violations of 18 U.S.C. § 924(a)(1)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Gonzalez argues that evidence tending to show that he was a "straw man" purchaser of weapons was incorrectly admitted. Evidence as to Gonzalez's companions, his shopping style, the weapons acquired, their status as collectibles, the amounts paid, and the use of cash were all sufficiently intertwined with the crimes charged so as to avoid scrutiny under Federal Rule of Evidence 404(b). *See United States v. Matthews,* 240 F.3d 806, 816–17 (9th Cir.2001), *overruled on other issues by* 278 F.3d 880 (9th Cir.2002) (en banc); *United States v. Rrapi,* 175 F.3d 742, 748–50 (9th Cir.1999). While the testimony concerning Gonzalez's failure to file a theft report, inability to provide identifying details about his companions, and his lack of knowledge about collecting is subject to Rule 404(b), it was admissible since it served purposes other than character propensity. The lack of a theft report was probative of the possibility that Gonzalez

Frederick A. Battista, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

had never stored the guns at his parents' home because he did not really live there, while the evidence of his limited knowledge was probative of a motive to lie on the ATF form (it indicated that he had something to hide concerning these guns, suggesting that he did have reasons to conceal his true residence). This evidence ran a risk of unfair prejudice, *see* Fed. R.Evid. 403, by potentially suggesting a propensity for dishonesty or inciting the jury to convict for some uncharged nefarious conduct involving these guns, but on the facts here, we find no reversible error.

Gonzalez's other claims are without merit. Although the two inadvertent suggestions of previous criminal contacts with law enforcement triggered jury inquiries, the unusually strong curative stipulation—which exceeded the normal instruction to simply disregard by affirmatively stating that Gonzalez had no convictions and had no criminal history that would prohibit him from owning a gun—sufficiently remedied the harm. *See United States v. Allen,* 425 F.3d 1231, 1236 (9th Cir.2005) (holding that an "isolated reference to [the defendant's] prior incarceration did not warrant a mistrial," while noting that "any resulting prejudice dissipated when the district court immediately gave a curative instruction to the jury"); *cf. United States v. Arambula–Ruiz,* 987 F.2d 599, 604–05 (9th Cir.1993) (mentions of irrelevant prior arrests harmless where they were only incidental to the testimony's main aim and were not referenced in later argument, and the court had given proper limiting instructions on other admissible prior bad acts).

■ Nor did the district court abuse its discretion by failing to admit photographs taken of the home of Gonzalez's parents. These depicted the scene ten months after the time period in question, so that their purported relevance depended entirely on the testimony of Gonzalez's mother; the photos were more illustrations of her testimony than of the way the scene looked at the pertinent time. As they were essentially cumulative to that testimony, the district court did not abuse its discretion in determining the photos to be irrelevant.

Finally, the district court did not err in refusing Gonzalez's proposed jury instruction. In § 924(a)(1), "the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense." *Bryan v. United States,* 524 U.S. 184, 193, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998); *see also Dixon v. United States,* — U.S. ——, 126 S.Ct. 2437, 2441, 165 L.Ed.2d 299 (2006). Although Gonzalez argues that the Government's theory suggested that he harbored an intent to deceive, this cannot alter the elements of the crime; there was no need to instruct the jury on an "intent to deceive" requirement not present in the statute.

**AFFIRMED.**