
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50304 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-02876-MMA-1 |
| v. | |
| MICHAEL JOHN CHARLNOES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted October 22, 2015[**]
Pasadena, California

Before: RAWLINSON and NGUYEN, Circuit Judges and PONSOR,[***] Senior
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael A. Ponsor, Senior District Judge for the U.S.
District Court for Massachusetts, sitting by designation.

Defendant Michael Charlnoes appeals his jury conviction for importation of methamphetamine and cocaine in violation of 12 U.S.C. §§ 952, 960. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court did not abuse its discretion by admitting evidence of Charlnoes's prior possession of methamphetamine at the border under Federal Rule of Evidence 404(b). The prior incident was recent (approximately two weeks prior to his arrest), related to a material issue in the case (his knowledge and absence of mistake or accident), was supported by sufficient proof (the testimony of the Customs and Border Protection officer who was present), and its probative value was not outweighed by the danger of unfair prejudice. *See United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993) (describing requirements for evidence admitted under Fed. R. Evid. 404(b)). The district court also properly instructed the jury to consider the evidence only for that limited purpose.

2. Even if the prosecutor's comment during opening statement that Charlnoes "decided that he would take the risk" of smuggling was improper, it was harmless in light of the strength of the evidence and the trial court's jury instructions not to consider opening statements as evidence. *See United States v. Jones*, 592 F.2d 1038, 1043-44 (9th Cir. 1979). The evidence amply demonstrated Charlnoes's knowledge, including that he was the driver, sole occupant, and owner

2

of the car containing 20 pounds of methamphetamine and cocaine worth over $100,000, hidden in a secret compartment that was accessible only from the interior of the car.

**AFFIRMED.**