**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50007 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-03289-AJB-1 |
| v. | |
| SALVADOR ACOSTA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted January 22, 2020
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Salvador Acosta appeals his conviction under 21 U.S.C. §§ 952 and 960, following a jury trial, for smuggling fentanyl into the United States. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.      The parties largely agree that the district court erred in failing to give an "other acts" limiting instruction for certain evidence of prior border crossings,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

evidence allegedly suggesting Acosta's involvement in a transaction for ecstasy, and Acosta's driving record for Uber/Lyft. *See* Fed. R. Evid. 404(b). At oral argument, the government also agreed that Acosta preserved his objection on this issue. Nevertheless, we conclude that the absence of such a limiting instruction was harmless under any standard. *See, e.g.*, *United States v. Erickson*, 75 F.3d 470, 479 (9th Cir. 1996); *United States v. Arambula-Ruiz*, 987 F.2d 599, 605 (9th Cir. 1993).

Notwithstanding the district court's comment that the trial "could have gone either way"—which was not clearly a commentary on the strength of the evidence or any piece of evidence, and was offered over four months after the trial had concluded—our independent review of the record confirms that extensive evidence supported Acosta's conviction. This evidence included that over 30 pounds of highly toxic fentanyl valued at $4.5 million was found in Acosta's vehicle; the odor of a drug-masking agent emanating from his car; Acosta's inconsistent statements to law enforcement; and the implausibility of Acosta's theory that someone would have placed $4.5 million of a highly toxic drug in his vehicle while valeted at a Tijuana restaurant, without knowing when Acosta would cross the border.

Any potential prejudice from the lack of an "other acts" limiting instruction was also substantially mitigated by the district court's instruction that the jury was "only to determine whether the defendant is guilty or not guilty of the charge in the indictment" and that Acosta was "not on trial for any conduct or offense not charged

in the indictment." *See, e.g., United States v. Soulard*, 730 F.2d 1292, 1303 (9th Cir. 1984).

2.      The government did not draw improper inferences from the evidence. Acosta bases this argument on certain Facebook messages and his Uber/Lyft driving record, but he did not object to the introduction of this evidence, nor did he object at trial that the government was arguing improper inferences from it.   If anything, Acosta attempted to use the Facebook messages to his benefit in suggesting at trial that the government's use of them was indication of a weak case.

Regardless, Acosta's arguments about improper inferences lack merit.  Acosta argues that the government misinterpreted certain Facebook messages as relating to ecstasy rather than cans of cleaner, but he points to no evidence suggesting that the government knew its interpretation of the messages was false or suspected its witnesses of lying. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Morris v. Ylst*, 447 F.3d 735, 744 (9th Cir. 2006).   Nor did the government rely on Acosta's Uber/Lyft driving history to make an improper "poverty" argument. *See United States v. Romero-Avila*, 210 F.3d 1017, 1022 (9th Cir. 2000).   Instead, Acosta's driving history was used to show an abrupt change in Acosta's sources of income, which was permissible. *See United States v. Jackson*, 882 F.2d 1444, 1450 (9th Cir. 1989).

3.      The district court did not constructively amend Acosta's indictment by

instructing the jury he could be convicted for knowingly smuggling any "controlled substance," when the indictment specifically referenced fentanyl. Acosta did not object on this ground below and admits our review is for plain error. *See United States v. Mickey*, 897 F.3d 1173, 1183 (9th Cir. 2018). There was no plain error. "The government is not required to prove that the defendant knew the type or quantity of the controlled substance he imported to obtain a conviction" under 21 U.S.C. §§ 952 and 960, *United States v. Jefferson*, 791 F.3d 1013, 1015 (9th Cir. 2015); *see also United States v. Collazo*, ___ F.3d ___, 2020 WL 7052298, at *9– 14 (9th Cir. Dec. 2, 2020) (en banc), and so the jury instruction matched the elements of the offense.

Any objection based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), was waived, as Acosta failed to raise it in his briefing (his reply brief was filed several months after *Rehaif* was decided). Regardless, *Rehaif* does not support reversal because, unlike the statute there, "[t]he *mens rea* standard in § 960(a) is separate and distinct from the penalty ranges set forth in § 960(b)," and so does not apply to drug type and quantity. *See Jefferson*, 791 F.3d at 1018.

4.      The district court did not err in failing to excuse *sua sponte* Juror No. 26 for actual, implied, or inferable bias, after this juror disclosed that her child had dated someone who had overdosed on a "combination of drugs," and "there was a border arrest involved." Acosta did not raise any objection to this juror in the district

4

court, nor did he seek to strike her peremptorily or for cause. The district court appropriately questioned Juror No. 26 based on her disclosure and she repeatedly affirmed that she could view the facts objectively and could be fair and impartial. Under any standard of review, and on any theory of bias, the district court did not err by seating Juror No. 26. *See United States v. Mitchell*, 568 F.3d 1147, 1150 (9th Cir. 2009); *United States v. Alexander*, 48 F.3d 1477, 1484 (9th Cir. 1995).

**AFFIRMED**.