NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

KARLA GLORIA CORTES NAVA,

        Defendant - Appellant.

No. 24-2924

D.C. No.
3:21-cr-02995-RSH-3

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Argued and Submitted December 4, 2025
Pasadena, California

Before: BEA, BADE, and LEE, Circuit Judges.

Defendant-Appellant Karla Gloria Cortes Nava appeals the judgment

entered following her jury conviction for conspiracy to distribute

methamphetamine, possession of methamphetamine with intent to distribute, and

possession of fentanyl with intent to distribute, in violation of 21 U.S.C. §§

841(a)(1), 841(b)(1)(A), and 846. We affirm.

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. Cortes Nava asserts that the district court plainly erred when it failed to strike sua sponte the arresting officer's testimony that Cortes Nava requested a ticket when he asked to search her vehicle because the admission of this testimony, and the prosecution's related arguments, violated her Fourth Amendment rights. *See United States v. Prescott*, 581 F.2d 1343, 1351 (9th Cir. 1978) (holding that "passive refusal to consent to a warrantless search is privileged conduct which cannot be considered as evidence of criminal wrongdoing"). We may consider (1) error, (2) that is plain, and (3) that affects substantial rights. Fed. R. Crim. P. 52(b); *United States v. Olivas*, 150 F.4th 1107, 1113 (9th Cir. 2025). If these conditions are met, we "have discretion to grant relief" if (4) the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Olivas*, 150 F.4th at 1113 (internal quotation marks and citations omitted).

Assuming the district court plainly erred, Cortes Nava nonetheless fails to demonstrate that this error affected her substantial rights because it is not reasonably likely that the error was prejudicial enough to affect the outcome of the proceedings. *See Greer v. United States*, 593 U.S. 503, 507–08 (2021). Although the prosecution emphasized Cortes Nava's apparent refusal to permit a search of her car, the other evidence that she knew that she was trafficking drugs was overwhelming. *See People of Territory of Guam v. Veloria*, 136 F.3d 648, 652 (9th Cir. 1998). Cortes Nava (1) met a man in a parking lot and oversaw the

transfer of two large trash bags from his car to her car; (2) showed extreme nervous behavior during her ensuing traffic stop and could not specify her destination, even though an LG phone with GPS activated to a location in Los Angeles was in plain view on the center console; and (3) was in possession of that same LG phone, which contained text messages in which she identified herself, text messages in which she appeared to negotiate the price and delivery of methamphetamine, text messages in which she repeatedly said that she was available to "work" in the days leading up to her arrest, and text messages on the day of her arrest saying that she was beginning her drive from San Diego to Los Angeles and would follow up upon her arrival. Furthermore, Cortes Nava's attorney elicited testimony suggesting that she had denied permission to search. Based on this evidence, it is not reasonably likely that the alleged error was prejudicial enough to affect the outcome of the proceedings. *See Greer*, 593 U.S. at 507–08.

2. Cortes Nava argues that the district court erred when it refused to hold an evidentiary hearing on her motion to dismiss based on a violation of the Speedy Trial Act. *See United States v. Benitez*, 34 F.3d 1489, 1494 (9th Cir. 1994) ("Speedy Trial Act time periods may be triggered by state detentions that are merely a ruse to detain the defendant solely for the purpose of bypassing the requirements of the Act."). However, Cortes Nava waived this argument because the district court never ruled on either of her requests for such a hearing. If a party

3                                                                                          24-2924

fails to secure a ruling on a motion in district court, the issue is generally not preserved for appeal. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009) (stating that an evidentiary objection is waived when district court does not rule on objection and no ruling is requested by objecting party).

3. Cortes Nava argues that the district court erred in denying her motion to suppress the fruits of the unlawful search of her vehicle. During the traffic stop, the arresting officer developed reasonable suspicion of criminal activity based on the following circumstances: (1) Cortes Nava's permanent license plate was covered by a temporary license plate which itself had faded registration tags; (2) her permanent license plate had expired registration tags; (3) she exhibited "extreme nervous behavior" with "shaking and trembling hands" and a "pulsating" carotid artery; (4) she could not provide her specific destination when asked, even though she had an LG phone visible in the center console with GPS activated to a location in Los Angeles; (5) there were two mobile phones in the vehicle, which the officer found "unusual" as Cortes Nava was traveling alone; and (6) she gave what the officer believed were inconsistent answers when asked where she was going.

The totality of these circumstances is sufficient to justify reasonable suspicion. *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (explaining that when courts make reasonable-suspicion determinations, "they must look at the 'totality

24-2924

of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing"). Based on this reasonable suspicion, the officer was justified in having his police dog sniff the exterior of the car. *See Rodriguez v. United States*, 575 U.S. 348, 355 (2015) (holding that an officer may not prolong a traffic stop by having a dog sniff the exterior of the car "absent the reasonable suspicion ordinarily demanded to justify detaining an individual"). The dog's alert provided probable cause to search the vehicle. *Florida v. Harris*, 568 U.S. 237, 247–48 (2013).

4. Cortes Nava argues that the district court erred when it admitted text messages that the government contended related to a drug transaction that predated the start of the charged conspiracy. To be admissible under Rule 404(b)(2), prior-acts evidence must satisfy the following requirements: "(1) it must tend to prove a material issue; (2) the prior acts must not be too remote in time; [and] (3) there must be sufficient evidence for a reasonable jury to conclude that the defendant committed the prior acts." *United States v. Jimenez-Chaidez*, 96 F.4th 1257, 1264 (9th Cir. 2024). And when such acts are "used to show knowledge and intent, [they] must be sufficiently similar to the charged offense." *Id.* The text messages satisfy the four requirements.

The parties stipulated that the acts were not too remote in time. The district court did not abuse its discretion by finding that there was "sufficient evidence to

5                                                              24-2924

support a finding by the jury that [Cortes Nava] committed" the prior act. *See Huddleston v. United States*, 485 U.S. 681, 685 (1988). Based on her possession and use of the LG phone at the time of her arrest, the selfie photograph of her on the phone taken weeks before the exchange, and the fact that messages on the phone referred to the user as "Karla" on multiple occasions, the court's conclusion that a reasonable jury could find that Cortes Nava sent the messages in question is not without support in inferences that may be drawn from the record. *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009).

Further, the text exchange is sufficiently similar to the charged conduct and tends to prove Cortes Nava's knowledge that she was trafficking in drugs. *See Jimenez-Chaidez*, 96 F.4th at 1265–66. The user of the LG phone referenced accurate wholesale prices of methamphetamine, negotiated prices with the potential buyer, referenced her commission, and was asked whether she would be transporting the drugs up to Los Angeles for the potential buyer. Cortes Nava was found with over $789,400 worth of methamphetamine in her car, driving from San Diego towards Los Angeles, and was subsequently charged with conspiracy to distribute illegal narcotics and possession with intent to distribute methamphetamine.

5. Finally, Cortes Nava argues that the district court erred when it permitted improper expert opinion testimony. This argument also fails. The officer properly

provided expert testimony interpreting text messages that included coded language beyond the ken of the average layperson. *See United States v. Vera*, 770 F.3d 1232, 1241 (9th Cir. 2014) (explaining that "investigating officers may testify as drug jargon experts who interpret the meaning of code words used in recorded calls"). Although the officer also provided lay testimony, Cortes Nava's argument that the officer improperly testified as both a percipient witness and an expert witness also fails. Cortes Nava did not object to the testimony on this basis. And consistent with the court's standard practice to avoid suggesting that the jury should give undue weight to this testimony, the officer was not identified as an "expert" witness. Finally, Cortes Nava's other claims regarding the officer's testimony are unavailing because the statements she challenges were also made by her counsel in closing and thus any error was harmless. *See United States v. Arambula-Ruiz*, 987 F.2d 599, 605 (9th Cir. 1993).

**AFFIRMED.**

24-2924